**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERTHA M. RIZAS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, Postmaster General, United States Postal Service,<br><br>　　　　　　　Defendant. | Civil Action No. 21-20396 (GC) (DEA)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

　　This matter comes before the Court on Defendant Louis DeJoy's Motion to Dismiss Plaintiff Ertha M. Rizas's Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF Nos. 11, 12.) Plaintiff opposed (ECF No. 22), and Defendant replied (ECF No. 25). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises out of Plaintiff's employment with the United States Postal Service ("Post Service"). (ECF No. 8.[2])

Plaintiff is a sixty-seven-year-old, African American woman and breast-cancer survivor. (*See* ECF No. 8 ¶¶ 1, 9, 10, 14.) Plaintiff claims that, during her employment at the United States Postal Service's distribution center in Trenton, New Jersey, she was "targeted and unlawfully discriminated against because of her age, race, disability and gender . . . [and] was unlawfully retaliated against for making complaints about employees and supervisors unfairly targeting her and harassing her by not complying with Covid-19 regulations and for prior [Equal Employment Opportunity (EEO)] activity." (*Id.* ¶ 12.) Plaintiff alleges that, for her complaints of "harassment, intimidation and bullying," she was subjected to "vicious and willful taunts," including being referred to as an "animal," and was "targeted because of her disability as a breast cancer survivor." (*Id.* ¶ 15.) Finally, Plaintiff alleges that the Postal Service "improperly suspended [Plaintiff] in June 2020 in light of her age, race and disability and in retaliation for making complaints and filing grievances against her supervisors." (*Id.* ¶ 16.)

---

[1]     When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court typically accepts as true all well-pleaded facts in the complaint. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)); *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 538 (3d Cir. 2017) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001)).

[2]     This is not Plaintiff's first lawsuit against the Post Service in this District. In her previous case against the Post Office, Plaintiff also alleged employment discrimination and retaliation occurring in 2007 and 2016 based on age, sex, race, disability, and engaging in Equal Employment Opportunity activity. *See Rizas v. Dejoy*, Civ. No. 21-92, 2022 WL 267410, at *4 (D.N.J. Jan. 27, 2022) (dismissing Plaintiff's claims with prejudice for failing to exhaust administrative remedies).

Plaintiff initiated her claim of discrimination with the EEO on April 22, 2020, according to EEO records included with the Postal Service's Motion.³ (ECF No. 12-4 at 1.) On June 18, 2020, the EEO issued Plaintiff a notice of her right to file a formal EEO complaint. (ECF No. 12-4.) On June 23, 2020, Plaintiff filed a formal EEO complaint, alleging discrimination based on race, color, age, and retaliation. (ECF No. 12-3.) The Postal Service partially accepted and partially dismissed Plaintiff's EEO complaint. (ECF No. 12-5.) On August 2, 2020, Plaintiff filed an affidavit in support of her EEO complaint. (ECF No. 12-6.) On April 9, 2021, Plaintiff withdrew the hearing request and asked that the Postal Service issue a Final Agency Decision. (ECF No. 12-7 at 3.) That day, April 9, the EEOC issued an order dismissing the hearing request. (*Id.* at 1-2.) On May 7, 2021, the Postal Service issued a Final Agency Decision adverse to Plaintiff. (ECF No. 12-8.) On June 7, 2021, Plaintiff appealed the Postal Service EEO's final agency decision to the EEOC. (ECF No. 12-9.) The EEOC did not render a final decision within one hundred eighty days of Plaintiff's appeal. Accordingly, Plaintiff filed this action. (*See* ECF No. 8 ¶ 11.)

---

³   Although the Amended Complaint does not include any documents relating to Plaintiff's EEO activity, the Court will consider Plaintiff's formal EEO complaint and supporting documents, because they are "document[s] *integral to or explicitly relied upon* in the complaint." *Saba v. Middlesex Cnty. Bd. of Soc. Servs.*, Civ. No. 16- 4712, 2017 WL 2829618, at *1 (D.N.J. June 30, 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original). Courts in this Circuit routinely rely on such documents when deciding motions to dismiss like Defendant's. *See Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011) (holding that district court properly considered EEO documents that were attached to the defendant's Rule 12(b)(6) motion because exhaustion of administrative remedies is "integral" to the case) (citing cases); *Saba*, 2017 WL 2829618, at *5 (considering the documents from the EEOC claim, which were attached to the defendant's Rule 12(b)(6) motion); *Cummings v. Princeton Univ.*, Civ. No. 15-8587, 2016 WL 6434561, at *1-2 (D.N.J. Oct. 31, 2016) (considering EEOC documents attached to defendant's Rule 12(b)(6) motion to dismiss because they were undisputedly authentic documents upon which plaintiff's claims were based and as part of the underlying EEOC administrative record incorporated by reference into plaintiff's complaint); *see also Rizas v. Dejoy*, Civ. No. 21-00092, 2022 WL 267410, at *3 (D.N.J. Jan. 27, 2022) (considering Plaintiff's EEO documents on Defendant's Rule 12(b)(6) motion).

In her seven-count Amended Complaint, Plaintiff asserts claims for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I); disability discrimination in violation of Section 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (Count II); age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. 626(e) *et seq.* (Count III); discrimination and retaliation in violation of 42 U.S.C. § 1981 (Count IV); hostile work environment - race discrimination in violation of Title VII (Count V); sex discrimination in violation of Title VII (Count VI); and hostile work environment on account of sex in violation of Title VII (Count VII). (*See generally* ECF No. 8.) Defendant moves to dismiss Plaintiff's action in its entirety. (*See* ECF No. 12.)

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab.*

4

*Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

Defendant asserts three reasons for dismissing Plaintiff's Amended Complaint. First, Plaintiff failed to exhaust administrative remedies for her claims based on sex (Counts VI and VII) and disability (Counts I and II), as she did not raise either of those bases in her formal EEO complaint. (ECF No. 12 at 11-13.[4]) Second, Plaintiff cannot state a claim under Section 1981 (Count IV), because Title VII is the exclusive remedy for a federal employee's discrimination suit and Defendant enjoys sovereign immunity against this claim. (*Id.* at 13.) Third, and finally, Plaintiff failed to state *prima facie* cases of discrimination and retaliation under Title VII and the ADEA (Counts I and III). (*Id.* at 14-17.) The Court addresses each of Defendant's arguments in turn.

**A. Claims Based on Sex and Disability (Counts II, VI, VII)**

1. Exhaustion of Administrative Remedies

Defendant first argues that Plaintiff failed to exhaust administrative remedies of her sex- and disability-based discrimination claims by not including these bases in her EEO complaint. (ECF No. 12 at 11-13; ECF No. 25 at 6-8; *see* ECF No. 12-3.)

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). "In particular, '[t]he Supreme Court has explained that when Title VII remedies are available, they

---

[4] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

5

must be exhausted before a plaintiff may file suit.'" *Slingland*, 542 F. App'x at 191 (quoting *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995)). "[T]he purposes of the exhaustion requirement are to promote administrative efficiency, 'respect[ ] executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Robinson*, 107 F.3d at 1020 (quoting *Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 370 (3d Cir. 1986)). "Just as in Title VII cases, 'a plaintiff must exhaust administrative remedies before bringing a claim under the [Rehabilitation Act].'" *Smith v. Pallman*, 420 F. App'x 208, 212 (3d Cir. 2011) (quoting *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007); citing *Spence*, 54 F.3d at 201; 29 C.F.R. § 1614.105(a)(1)).

Here, Plaintiff's formal EEO complaint shows that she did not allege discrimination or retaliation based on sex or disability. (ECF No. 12-3; ECF No. 22-2 at 11.) In section 14 of her formal EEO complaint, Plaintiff selected race, color, age, and retaliation — but not sex or disability — as the types of discrimination that she was alleging. (ECF No. 12-3; ECF No. 22-2 at 11.) Moreover, the supporting documents to Plaintiff's formal EEO complaint do not sound of discrimination based on sex or disability. One letter includes no mention of her sex or disability. (*See* ECF 12-3 at 3.) Other letters note only Plaintiff's concern for her health due to her supervisors' disregard of Covid-19 protocols. (*See id.* at 4-5; ECF No. 22-2 at 41-44.)

A review of the EEO records also makes clear that Plaintiff had several opportunities to clarify that she sought to assert sex or disability as a basis of her discrimination claims. By letter dated June 18, 2020, the EEO notified Plaintiff of her right to file a formal complaint with the EEO, noting only race and age as the types of discrimination alleged. (*See* ECF No. 12-4 at 1; ECF No. 22-2 at 15, 65-72.) Instead of adding sex or disability as a basis, Plaintiff filed her formal

6

EEO complaint, selecting only the "Race," "Color," "Age," and "Retaliation" boxes as the types of discrimination. (ECF No. 12-3; ECF No. 22-2 at 11.) Next, around July 8, 2020, the EEO issued Plaintiff a "partial acceptance/partial dismissal" of Plaintiff's formal complaint, advising that it would investigate only certain of Plaintiff's claims of discrimination based on race, color, age, and retaliation — including no mention of sex or disability. (ECF No. 22-2 at 73-79.) Yet Plaintiff's next submission made no mention of sex or disability as a type of discrimination. (*See* ECF No. 12-6.) In fact, the document notes that Plaintiff's supervisor "treat[ed] the two white clerk employees a man and woman with respect." (*Id.* at 8.) In addition, Plaintiff withdrew her request for a hearing by the EEOC Administrative Judge, where she could have clarified the bases on which she asserted discrimination claims, opting instead for an immediate final agency decision. (ECF No. 12-7.) And there is no indication that Plaintiff objected to the investigation report, which notes race, color, age, and retaliation as the only bases of discrimination, and which marks sex and disability as "N/A." (*See* ECF No. 22-2 at 80.)

In her opposition papers, Plaintiff relies solely on an EEO form, dated April 22, 2020, where the "Race," "Color," "Sex," "Age," and "Retaliation" boxes are checked (the "Disability" box is not checked). (*See id.* at 18.) But against the standard of considering extraneous documents at this stage, the document does not pass muster. There is no indication that Plaintiff submitted the document to the EEO or that the EEO received it — for example, the document does not have the stamp of receipt that appears on several of the indisputably authentic EEO records. The Court therefore cannot say that this form is indisputably authentic. Even if it could, Plaintiff's failure to set the record straight, when the Postal Service was clearly of the understanding that Plaintiff's complaints involved only race, color, age, and retaliation, belies that Plaintiff also asserted sex- or disability-based discrimination claims.

2. Equitable Tolling

Plaintiff also argues that "equitable tolling must apply because Plaintiff was not given adequate notice that her age discrimination claim had been dismissed even though it was raised in her complaints." (ECF No. 22 at 11.) Title VII exhaustion requirements "can be bypassed under certain circumstances, including waiver, estoppel, tolling or futility." *Wilson*, 475 F.3d at 174 (citing *Robinson*, 107 F.3d at 1021-22). Equitable tolling may apply "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Jayhee Cho v. Elaine Chao*, Civ. No. 16-2793, 2018 WL 1087499, at *2 (D.N.J. Feb. 28, 2018) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Plaintiff has not demonstrated that equitable tolling applies here. To be sure, Defendant does not challenge Plaintiff's exhaustion of her age-based discrimination claims; Defendant's issue is with Plaintiff's sex- and disability-based claims. As to those claims at issue, Defendant does not challenge the timeliness of Plaintiff's appeal of the final agency decision to the EEOC. Rather, Defendant asserts that, by not including allegations of discrimination based on sex or disability in her formal EEO complaint, Plaintiff failed to exhaust her claims of discrimination on those bases. (*See* ECF No. 12 at 11-13; ECF No. 25 at 9-11.) And still, Plaintiff's Amended Complaint and opposition papers are devoid of any reasonable claim that Defendant actively misled Plaintiff, that Plaintiff was prevented from asserting her rights, or that Plaintiff timely asserted her rights mistakenly in the wrong forum.

Because the EEO documents establish that Plaintiff did not exhaust administrative remedies of discrimination claims based on sex or disability, and Plaintiff presents no reason for

8

this deficiency, the Court dismisses with prejudice Counts II, VI, and VII of the Amended Complaint. *See, e.g.*, *Rizas v. Dejoy*, Civ. No. 21-92, 2022 WL 267410, at *4 (D.N.J. Jan. 27, 2022) (dismissing with prejudice discrimination claims that were not administratively exhausted).

### B. Claim Under Section 1981 (Count IV)

Plaintiff claims that Defendant's discriminatory and retaliatory conduct violated her civil rights under 42 U.S.C. § 1981. (ECF No. 8 ¶¶ 51-57.) Defendant argues that Title VII is Plaintiff's only potential mechanism to bring discrimination and retaliation claims, and that Defendant enjoys sovereign immunity against Section 1981 claims. (ECF No. 12 at 13.)

Plaintiff does not make any argument in opposition. "A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6)." *Powell v. Verizon*, Civ. No. 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) (citing *O'Neal v. Middletown Twp.*, Civ. No. 18-5269, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019)); *see Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (noting that party's failure to oppose argument raised in a motion to dismiss constitutes waiver); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), *aff'd*, 136 F. App'x 551 (3d Cir. 2005) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Pers. v. Teamsters Loc. Union 863*, Civ. No. 12-2293, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver."). For that reason alone, the Court may dismiss Count IV of the Amended Complaint.

The Court also concludes that Section 1981 claims do not apply to federal defendants. *See* 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against . . . impairment under color of *State* law." (emphasis added)); *U.S. ex rel. Moore v. Koelzer*, 457 F.2d 892, 893 (3d Cir. 1972) ("[A] cause of action for damages does not accrue under 42 U.S.C. §§ 1981 *et seq.* for

9

an alleged violation of the Act by federal officers acting under color of federal law."). Because the United States has not waived sovereign immunity with respect to Section 1981 claims, the Court dismisses without prejudice Count IV for lack of subject matter jurisdiction. *See, e.g.*, *Grant v. United States Post Off.*, Civ. No. 19-9107, 2020 WL 133082, at *5 (D.N.J. Jan. 13, 2020); *Boseki v. N. Arlington Municipality*, Civ. No. 13-2652, 2014 WL 5361744, at *3 (D.N.J. Oct. 21, 2014).[5]

### C. Claims Under Title VII and ADEA (Counts I, III, V)

Finally, Defendant argues that Plaintiff has failed to allege *prima facie* cases of discrimination and retaliation. (ECF No. 12 at 14-17.)

Plaintiff's claims are governed by the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) ("The familiar *McDonnell Douglas* burden shifting analysis applies to [plaintiff]'s claims of discrimination under both Title VII and the ADEA.") (citations omitted). Under the framework, Plaintiff first bears the burden to establish a *prima facie* case of discrimination or retaliation. For her disparate-treatment claims, Plaintiff must establish that (1) she is a member of a protected class, *i.e.*, that she is African American and older than the age of forty; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016) (citing *Jones v. Sch. Dist. Of Philadelphia*, 198 F.3d 403, 410-11 (3d Cir. 1999)). For her retaliation claims, Plaintiff must show "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection

---

[5]  *But see Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (holding that dismissal based on Eleventh Amendment immunity is a "threshold, nonmerits issue" and should be without prejudice).

between the employee's protected activity and the employer's adverse action." *Daniels v. Sch. Dist. Of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (quoting *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007)).

Defendant contests that Plaintiff has adequately pled *prima facie* cases of discrimination and retaliation. Defendant argues that "[n]one of the counts in [P]laintiff's Amended Complaint offers more specificity or details in addition to . . . conclusory allegations." (ECF No. 12 at 16.) Defendant argues that Plaintiff's allegations do not specify or "describe[e] the protected activity, its timing, who took the adverse action, and that person's knowledge of the protected activity." (*Id.*) Defendant asserts that, for Plaintiff's discrimination claim, Plaintiff "offers no evidence that she was treated differently from anyone else, or how her protected status impacted the alleged discriminatory treatment." (*Id.*) Defendant further argues that Plaintiff "asserts no causal connection between the alleged discrimination and the Postal Service's conduct." (*Id.* at 17.) Plaintiff counters simply that "[t]here are sufficient factual bases in the amended complaint to demonstrate the Postal Service unlawfully discriminated and retaliated against [her] when she was mistreated and suspended." (ECF No. 22 at 7.)

1. Age Discrimination (Count III)

Plaintiff has failed to plead a *prima facie* case of age discrimination. For her ADEA claim to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must "make[] factual allegations that, if true, would either (1) establish [her] *prima facie* case . . . or (2) show that age was the 'but-for' cause of the challenged adverse employment action." *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017) (citations omitted). To establish a *prima facie* case of age discrimination, Plaintiff must demonstrate that "(1) [he or she] is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that [his or her]

11

replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Galante v. Cox*, Civ. No. 05-06739, 2006 WL 1371191, at *4 (E.D. Pa. May 16, 2006) (quoting *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

Here, the Amended Complaint includes only the conclusory assertion that Plaintiff "was targeted and unlawfully discriminated against," omitting any specific incidents or details of discrimination. (*See* ECF No. 8 ¶¶ 12, 42-49.) The Amended Complaint does not state that Plaintiff was qualified for a position, nor does it include facts to support that Plaintiff's age factored into the "harassment, intimidation and retaliatory actions of improper suspensions and intimidation" that Plaintiff allegedly endured. (*See id.* ¶¶ 15, 47.) Also missing is any allegation that Plaintiff was replaced by a person sufficiently younger. Having neglected several *prima facie* elements, Plaintiff fails to plead facts either showing that Plaintiff's age was the but-for cause of her mistreatment or suspension or creating an inference of unlawful discrimination. The Court therefore dismisses without prejudice Count III of the Amended Complaint.

    2. Hostile Work Environment (Count V)[6]

Plaintiff's hostile work environment claim must also be dismissed. To plead a hostile work environment claim, "a plaintiff must show that '1) the employee suffered intentional discrimination because of his/her [protected characteristic]'" — here, race — "'2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability [meaning the employer is responsible].'"

---

[6] Defendant argues that, because Plaintiff did not raise a hostile work environment claim with the EEO or EEOC, this claim should be dismissed for failure to exhaust administrative remedies. (ECF No. 25 at 8.) The allegations of hostile work environment are too vague for the Court to conclude that they are outside the scope of Plaintiff's EEO complaint. Still, the Court dismisses this claim for failure to state a claim.

*Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)).[7]

For her hostile work environment claim, Plaintiff alleges that "Plaintiff's race has been a factor in the determination to improperly suspend her." (ECF No. 8 ¶ 63.) To show this, Plaintiff alleges only that "Plaintiff's supervisors are white" and Plaintiff "has been previously referred to as an 'animal' and 'makes animal sounds' while she is working." (*Id.*) On these facts, the Court can neither reasonably infer that these incidents involved discrimination nor say that Plaintiff has satisfied the "severe or pervasive" standard. It is true that an isolated incident, "if extremely serious," can support a hostile work environment claim. *Caver v. City of Trenton*, 420 F.3d 243, 262-63 (3d Cir. 2005); *see Castleberry*, 863 F.3d at 262-64 (holding that one instance of an adequately severe utterance can suffice to state a harassment claim). Indeed, a least one court in this Circuit has found that there are contexts where animal references can create racially hostile work environments. *See Nuness v. Simon & Schuster, Inc.*, 325 F. Supp. 3d 535 (D.N.J. 2018).

But here, without any details or context of the alleged incident, the Court is unable to draw a connection between an unidentified person's use of "animal" or "animal sounds" and severe or pervasive discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (facts that are "'merely consistent' with a defendant's liability" fail to establish a plausible entitlement to relief (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))). Moreover, Plaintiff has not shown how such references related to Plaintiff's suspension. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers

---

[7] Although *Castleberry* addressed discrimination claims under Section 1981, such claims "are subject to the same analysis as discrimination claims under Title VII." *Stovall v. Grazioli*, Civ. No. 20-2041, 2023 WL 3116439, at *2 n.3 (3d Cir. Apr. 27, 2023) (quoting *Castleberry*, 863 F.3d at 263).

unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision."); *Park v. Sec'y U.S. Dep't of Veterans Affs.*, 594 F. App'x 747, 751 (3d Cir. 2014) (plaintiff's one valid complaint of supervisor making offensive, inappropriate comment based on plaintiff's national origin "was a classic stray comment and is insufficient to establish a hostile work environment").

Considering these pleading deficiencies, the Court dismisses without prejudice Count V of the Amended Complaint.

    3. <u>Retaliation (Count I)</u>

Finally, the Court turns to Plaintiff's claim for retaliation. Plaintiff has not alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence of a retaliation claim's elements: that "(1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Here, Plaintiff has alleged sufficient facts with respect to the first two elements but not the third. First, Plaintiff alleges that she engaged in conduct protected by Title VII by filing a complaint against the Postal Service. *See* 42 U.S.C. § 2000e-3(a) (making it unlawful for an employer to "discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter"). Second, Plaintiff asserts that Defendant took adverse action against her by suspending her employment. (ECF No. 8 ¶¶ 14, 16, 28.) Third, however, Plaintiff has not alleged sufficient facts that suggest a causal connection between her EEO activity and Defendant's decision to suspend her.[8]

---

[8]     The EEO documents show that the Postal Service suspended Plaintiff during the EEO's investigation of Plaintiff's claims of discrimination and retaliation. (*See* ECF Nos. 12-4, 12-5.) Temporal proximity between a plaintiff's complaints and suspension can permit an inference of

14

Because the Amended Complaint does not include sufficient factual allegations to state a retaliation claim, the Court dismisses without prejudice Count I of the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**. Counts II, VI, and VII of Plaintiff's Amended Complaint are **DISMISSED** with prejudice. Counts I, III, IV, and V are **DISMISSED** without prejudice. An appropriate Order follows.

Dated: June 30, 2023

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

causation. *Connolly*, 809 F.3d at 792 n.11; *see Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (noting that "temporal proximity" or "circumstantial evidence of a 'pattern of antagonism' following the protected conduct" may raise an inference of a causal link between protected conduct and retaliatory action). Such an inference is not permitted here, as the Amended Complaint is devoid of factual allegations to support Plaintiff's conclusory statements that Defendant suspended her in retaliation for the filing of the EEO complaint in 2019. The Amended Complaint fails to specify what EEO activity Plaintiff's suspension was in retaliation for. In fact, the Amended Complaint does not even reference or cite to that EEO complaint at all. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (noting that federal notice and pleading rules "require[] a 'showing' rather than a blanket assertion of an entitlement to relief"); *see also DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) ("If factual support for [plaintiff]'s claim existed in the record, it was incumbent upon her to direct the District Court's attention to those facts.").

15